EDWIN N. HUBBARD vs. THE NEW YORK, NEW HAVEN AND HARTFORD RAILROAD COMPANY.

First Judicial District, Hartford, May Term, 1899.    ANDREWS, C. J., TORRANCE, BALDWIN, HAMERSLEY and HALL, Js.

Section 3581 of the General Statutes provides that every railroad com-
pany shall be responsible in damages for a fire communicated by
its locomotive engine, provided the party injured is free from " con-
tributory negligence." In an action on this statute the plaintiff
alleged that he used reasonable care in the management and control
of his property and that the fire was not caused by his neglect, an
averment which the defendant denied. The trial court found as a
fact from all the evidence, none of which was objected to, that the
fire was caused by the plaintiff's own negligence. *Held :*—
1. That the term "contributory negligence" was used in the statute
with its ordinary meaning.
2. That the plaintiff was not entitled to succeed, inasmuch as the ab-
sence of contributory negligence upon his part was made by the
statute a condition precedent to his right of recovery.
Conclusions of fact reached by the trial court upon competent evidence
will not be reviewed by this court upon appeal.

Argued May 2d—decided June 1st, 1899.

ACTION for damages for the destruction of two ice-houses by fire claimed to have been communicated by a locomotive of the defendant, brought to the Superior Court in Middlesex County and heard in damages to the court, *Shumway, J.;* facts found and judgment rendered for the plaintiff for nominal damages only, and appeal by him for alleged errors in the rulings and findings of the court. *No error.*

The complaint alleged, that " (1) on the 18th day of April,

1894, the plaintiff was the owner of two ice-houses, con-structed of wood, and located near the defendant's railroad, just north of Ashton's crossing, in the town of Middletown; (2) that said ice-houses were then filled with ice, and con-tained five thousand tons of ice, the property of the plain-tiff; (3) that the defendant, on said 18th day of April, 1894, controlled and operated a railroad running from Middletown to New Haven; (4) that on said day a fire was communi-cated to said ice-houses from the locomotive of a passing train upon said railroad thus operated and controlled by the defendant, whereby both of said ice-houses were totally de-stroyed, together with the apparatus for hoisting and storing ice, and the said ice therein was melted and rendered wholly unmarketable, to the damage of the plaintiff in the sum of twelve thousand dollars." Further allegations by way of amendment were as follows: "1. The said locomotive engine by which said fire was communicated was the property of the defendant, and was operated and controlled by the agents and employees of the defendant at the time said fire was communicated. 2. The plaintiff used reasonable care in the managing and controlling his said property, and was not so negligent in such care and management as that such fire was communicated through or in consequence of such negligence. 3. Within twenty days after said fire, to wit, on the     day of     , 1895, written notice was given to the defendant in accordance with the statute."

The defendant suffered a default and moved for a hearing in damages; and gave notice of the parts of the complaint which on such hearing it intended to controvert. That no-tice especially mentioned paragraph 2 of the amended com-plaint, reciting it at length. There was a hearing in damages and judgment was rendered for the plaintiff to recover nomi-nal damages only; from which he appealed, assigning nu-merous grounds of error.

At the March term of this court to which the appeal in this cause was taken, counsel for the appellant (plaintiff) filed a motion to correct and amplify the record in the following particulars: "1. By including therein the defendant's request

and draft for counter-finding. 2. By including therein th testimony requested by the plaintiff."

In respect to the first ground set forth in the motion, counsel claimed that if the proposed counter-finding had been printed it would appear that the facts found by the trial judge were even more favorable to the defendant than those claimed to have been proved by the defendant itself. As to the second ground, it did not appear that the appellant had ever tendered or submitted to the trial judge, as required by the statute (Public Acts of 1897, Chap. 194, § 9), a copy of the testimony which he was asked to certify. After a brief consultation the motion to amend the record was denied, but upon motion of the appellant's counsel the case was continued to the May term.

*Hiram R. Mills* and *Wesley U. Pearne*, for the appellant (plaintiff).

*Clarence E. Bacon*, for the appellee (defendant).

ANDREWS, C. J. This action was brought under § 3581 of the General Statutes, which enacts that " when any injury is done to a building or other property of any person, by fire communicated by a locomotive engine of any railroad company, without contributory negligence on the part of the person entitled to the care and possession of the property injured, the said railroad company shall be held responsible in damages to the extent of such injury to the person so injured; and every railroad company shall have an insurable interest in the property for which it may be held so responsible in damages along its route, and may procure insurance thereon in its own behalf."

The plaintiff set out in his complaint all those facts which entitled him to recover under this section, the value of two ice-houses with their contents and of certain hoisting apparatus connected therewith, which he alleged have been destroyed by a fire communicated by a locomotive engine of the defendant. He particularly alleged that he (the plaintiff)

"used reasonable care in managing and controlling his said property, and was not so negligent in such care and management as that such fire was communicated through or in consequence of such negligence." This allegation was recited at length by the defendant in the notice of the averments in the complaint which it intended to deny. The court in its finding, after mentioning the evidence and the subordinate facts, says: "I find the fire which was communicated to the plaintiff's buildings was caused by the plaintiff's negligence."

None of the reasons of appeal mention any ruling in regard to the admission or rejection of testimony. They assign errors in the conclusion to which the court came upon the testimony. These are, however, conclusions of fact with which this court cannot interfere. The plaintiff does not pursue any of these assignments in his argument in this court. In his brief here he states his ground of appeal as follows: "The only question to be considered at this time is that of contributory negligence, imputed to the plaintiff;" and then states the part of the finding where this question is involved. The claim on this part of the case being that the court required a higher degree of care of the plaintiff than the above quoted statute requires, and that therefore there is error.

We suppose the term "contributory negligence" in that statute is used in its ordinary meaning. In the absence of anything to indicate that a different meaning was designed, the ordinary meaning must be regarded as the one intended by the legislature. What contributory negligence is, is very clearly stated in the books. The general definition of what constitutes contributory negligence is this: It is the doing, or the omitting to do, that which under the circumstances a reasonable man would not have done, or would not have omitted to do, to avoid any injury resulting to himself from the negligence of the defendant. Cooley on Torts, at p. 674, speaking of contributory negligence, says: "If the plaintiff or party injured, by the exercise of ordinary care under the circumstances, might have avoided the consequences of the defendant's negligence, but did not, the case is one of mutual fault, and the law will neither cast all the consequences upon

the defendant, nor will it attempt any apportionment thereof." 7 Amer. & Eng. Ency. of Law (2d ed.), 371.

But in this case there is no very great need of discussing what meaning the legislature intended. The plaintiff has put his own construction on these words in his complaint. He says he used reasonable care in managing and controlling his said property, and that he was not so negligent in such care and management as that such fire was communicated through or in consequence of such negligence. That is to say, that he did nothing, nor did he omit the doing of anything, the doing or the omission of which contributed to the injury of which he complained; in other words, that he was " without contributory negligence." This part of the plaintiff's complaint was directly denied. The court has found against him, and that the fire which consumed his property was caused by his own negligence.

As the statute on which the plaintiff brings his action makes the absence of contributory negligence on his part a condition precedent to his right to recover, and as that condition precedent is not in this case fulfilled, the plaintiff has shown no right to recover substantial damages.

There is no error.

In this opinion BALDWIN and HALL, Js., concurred.

HAMERSLEY, J. (dissenting). The trial court found that the plaintiff, in delivering his ice to the defendant for transportation, had scattered some straw and shavings on the premises of the defendant used for the reception of such freight; and that the presence of this litter on the land of the defendant was a contributing cause of the fire and consequent injury to the plaintiff's property. The court also held that it was the duty of the plaintiff to remove this litter upon request of the defendant. The law imposes no such duty on the plaintiff under the facts as found, and in inferring contributory negligence because the plaintiff violated this supposed duty, the trial court plainly erred.

The judgment should be set aside and the cause remanded for further proceedings.

In this opinion TORRANCE, J., concurred.